Williams, Judge,
delivered the opinion of the Court:
The plaintiff sues to recover the sum of $24,621.01, which amount is claimed as salary and per diem sustenance allowance due him as special agent in charge, special agents, Bureau of Prohibition, for the period from August 13, 1930, to August 8, 1933.
The defendant has interposed a general demurrer to the petition alleging that the facts stated therein are insufficient to constitute an action against the United States within the jurisdiction of this court.
The petition alleges:
1. That plaintiff, in or about the month of July 1930, was officially located at the city of Albany, State of New York, and as special agent in charge had charge of the special agents in Division No. 1, Bureau of Prohibition, comprising the States of New York (excluding New York City), Connecticut, New Hampshire, Vermont, Maine, Massachusetts, and Bhode Island, at a salary of $5,600 per annum and *683 $6.00 per diem for sustenance; that on August 18, 1930, he was advised that certain offenses were charged against him (a copy of which charges is attached to and made a part of the petition); that on or about August 30, 1930, he made answer in writing to the said charges; that thereafter, on October 21, 1930, he was advised that his answer was not satisfactory and did not refute the alleged charges, and that he was removed from the position of special agent (CAF-13), Bureau of Prohibition, effective as of the close of business on August 13, 1930.
2. That the plaintiff was not guilty of any of the charges preferred against him; that his removal was a result of a concerted action by certain individuals and officials who entered into a conspiracy to cause his removal, and was based on perjurious statements obtained through duress and undue influence; that the investigation was biased, prejudiced, and unfair; that his superior officer having power of removal was biased and prejudiced against him, and that prior to the time plaintiff mailed his answer said superior officer publicly stated plaintiff was guilty of the charges and inferred that plaintiff would be removed from office.
3. That subsequent to his removal from office the plaintiff has made upon the constituted authorities various demands for a hearing; has at all times been diligent in the assertion of his rights, and has made repeated requests for continuance in office and for the payment of the salary and per diem allowance due him as such officer.
The plaintiff contends that his removal from office was improper and illegal, and contrary to the provisions of section 6 of the act of August 24, 1912, 37 Stat. 539 (title 5, ch. 12, sec. 652, U.S.C.A.), and that he is therefore entitled to receive the salary and per diem sustenance allowance provided by law for said office, from the date of his removal, August 13, 1930, to the date of the filing of suit.
While it is not specifically alleged that plaintiff had a civil-service status, the court takes judicial notice of the fact that field agents of the Bureau of Prohibition were placed in the classified civil service by the terms of section 5 (b) of the act of March 3, 1921, 44 Stat. 1382. The plaintiff being in the classified civil service at and prior to the time *684 of his removal could not be removed from office except upon compliance with the provisions of section 6 of the act of August 24, 1912, swpra. That act provides that no person in the classified civil service of the United States shall be removed therefrom except for such cause as will promote the efficiency of said service and for reasons given in writing; that the person whose removal is sought shall have notice of the same, and of any charges preferred against him, be furnished with a copy thereof, and be allowed a reasonable time for personally answering the same in writing and affidavits in support thereof. It is also provided that “ no examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer making the removal.” It is required that copies of the charges, notice of hearing, answer, reasons for removal, and of the order of removal shall be made a part of the records of the proper department or office.
The petition shows upon its face that the proceedings which resulted in the plaintiff’s removal from office were in strict compliance with the foregoing provisions of the statutes. The plaintiff was furnished a copy of the charges in a letter which is attached to and made a part of the petition. The letter stated that the charges were preferred as a result of an investigation made at the direction of the Director of Prohibition. Nine separate charges of misconduct, with specifications, are set forth. Plaintiff’s attention was directed to the gravity of the charges, after which the letter stated:
“ This letter is intended to afford you an opportunity to show cause, if any you have, why you should not be removed from the service or otherwise disciplined. Tour answer should be submitted in writing, preferably in the form of an affidavit, in quadruplicate if possible, accompanied by any supporting affidavits that you wish to submit, and should be placed in the mails properly addressed to us in care of the Director of Prohibition, attention of Special Inspection Division, within ten (10) days from receipt of this communication.
The plaintiff, after he had received a copy of the charges, answered the same in writing. His answer was forwarded to the Bureau on August 30, 1930. Thereafter, on October *685 21,1930, he was advised that his answer was not satisfactory and did not refute the charges and that he was removed from the position of special agent, Bureau of Prohibition, effective as of the close of business on August 13, 1930.
The allegations that the plaintiff was innocent of the charges preferred against him, that his removal was the result of a concerted action by certain individuals and officials who had entered into a conspiracy to cause his removal, that his removal was based on perjurious statements obtained through duress and undue influence, and that the investigation which resulted in his removal was biased, prejudiced, and unfair, are immaterial. It is not within the jurisdiction of the court to inquire into the guilt or innocence of the plaintiff as to the charges upon which he was removed from office. These charges were considered and passed upon by officials of the Bureau of Prohibition who had authority to act upon them. It appearing from the averments. of the petition that every step requisite to the removal from office of an employee of the Government in the classified civil service was taken by Bureau officials in the plaintiff’s case, their action in removing him from office is conclusive and is not subject to review by the court.
The plaintiff, having been legally removed from office as of August 13,1930, has no cause of action against the United States for the salary and per diem allowance of the office subsequent to that date.
The demurrer is sustained and the petition dismissed. It is so ordered.
Whaley, Judge,; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.