470

Eli E. Nobleman, of Washington, D. C., for defendant, for the motion.

James J. Laughlin, of Washington, D. C., for plaintiff, opposed.

### HOLTZOFF, Justice.

Action by Warden F. Asher, employee of the Navy Department, against James Forrestal, Secretary of the Navy, for an injunction to restrain him from separating plaintiff from the Government service without due process of law.

The complaint alleges that the plaintiff is an engineer-draftsman in the Navy Department; that certain officers, employees and agents of the defendant set about to drive him from Government service; that he has been served with charges stating that his efficiency has deteriorated; that he has been suspended from duty pending disposition of the charges; that he was granted a hearing, but that he declined to appear at the hearing on the ground that he could not obtain a fair and impartial hearing at the station to which he was assigned, but is desirous of a hearing in the District of Columbia, before an unbiased board to be appointed by the Secretary of the Navy.

Defendant moves for summary judgment. The motion is supported by an affidavit from which it appears that the Navy Department declared null and void the personnel action separating the plain-

## ASHER v. FORRESTAL, Secretary of the Navy.

### Civil Action No. 1001—47.

District Court of the United States for the District of Columbia.

May 5, 1947.

tiff from his Civil Service position; that the Assistant Secretary of the Navy preferred new charges against the plaintiff allowing him five days to make a reply, with a right to a hearing if desired; that the plaintiff made application for a hearing, and that such a hearing will take place; that if the plaintiff's case is not settled to his satisfaction, he may appeal in writing to the Secretary of the Navy. The allegations of the affidavit are not denied.

■■■ I think this action is premature and does not lie because the matter is still pending administratively. We do not know and no one can foretell what the outcome of the administrative proceeding will be. The plaintiff is now in a suspended status. For all we know, the Secretary of the Navy may restore him to duty. Obviously, the Court may not grant an injunction directing the Secretary of the Navy to restore the plaintiff to duty until the Secretary has disposed of the matter administratively and finally.

■■■ There is, however, a broader principle which governs the disposition of this case. The courts have no power to review the action of an agency of the executive branch of the Government in separating one of its employees from the service, provided the procedural requirements of the law have been complied with by the executive agency. If the procedural limitations have been transgressed, for example, if a Government employee with 'Civil Service status is removed without charges or without an opportunity to answer charges in violation of the Civil Service Act, 5 U.S. C.A. § 632 et seq., the Courts may interfere. If, however, the procedural requirements are observed, then the Court has no power to review the decision of the executive agency on the merits, even if the Court deems the decision to be erroneous.[1]

If, for example, there is a charge of inefficiency and that charge is sustained by the executive agency, this Court would have no power to review the administrative action. An exception exists in respect to veterans' preference which the courts will protect.

The Court may be in a position to review the question whether the procedural requirements have been observed. There is no evidence in this case of any failure to comply with any administrative regulations. On the contrary, the undisputed facts are that they are being complied with and that the administrative procedure has not been completed.

Defendant's motion for summary judgment granted.

---

[1] Keim v. United States, 177 U. S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; United States ex rel. Taylor v. Taft, 24 App.D.C. 95; Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186; Hammond v. Hull, 76 U.S.App.D.C. 301, 131 F.2d 23; and Golding v. United States, 78 Ct.Cl. 682.

In Levine v. Farley, supra, 70 App. D.C. 381, 386, 107 F.2d 186, 191, Groner, C. J., stated:

"We, therefore, hold that, where action is taken in removing from office an employee in the classified service and the action is in accordance with the requirements of the statute relating thereto, such action is not reviewable by mandamus, and a court of law has no jurisdiction to inquire into the guilt or innocence of the employee as to the charges upon which he was removed."

In Golding v. United States, supra, 78 Ct.Cl. 682, 684–685, the Court of Claims stated:

"The petition shows upon its face that the proceedings which resulted in the plaintiff's removal from office were in strict compliance with the foregoing provisions of the statutes."

* * * * * * *

"The allegations that the plaintiff was innocent of the charges preferred against him, that his removal was the result of a concerted action by certain individuals and officials who had entered into a conspiracy to cause his removal, that his removal was based on perjurious statements obtained through duress and undue influence, and that the investigation which resulted in his removal was biased, prejudiced, and unfair, are immaterial. It is not within the jurisdiction of the court to inquire into the guilt or innocence of the plaintiff as to the charges upon which he was removed from office."