**WETTRE et al. v. HAGUE et al.**
**Civ. A. No. 7076.**

District Court, D. Massachusetts.

Oct. 14, 1947.

Edward M. McMahon, of Boston, Mass., for plaintiff.

William T. McCarthy, U. S. Atty., and Gerald J. McCarthy, Asst. U. S. Atty., both of Boston, Mass., for defendant.

WYZANSKI, District Judge.

The case is before me on a motion to dismiss the complaint on the ground, among others, that, since the complaint does not show plaintiffs have exhausted their administrative remedies, the complaint fails to state a cause of action.

In substance these are the allegations of the complaint. Four ungraded civilian employees of the United States Department of the Navy who are presently employed in the civil service at the Boston Naval Shipyard charge that the Captain in command of that yard and certain other high officials at that yard have denied them, and others in like position, rights claimed under the following two Acts of Congress: (1) Section 4 of the Act of August 23, 1912, c. 350, 37 Stat. 413 as amended by Section 1 of the Act of Feb. 28, 1916, c. 37, 39 Stat. 15, 5 U.S.C.A. § 648 and (2) the Veterans' Preference Act of June 27, 1944, § 14, c. 287, 58 Stat. 387, as amended by Act of Aug. 4, 1947, c. 447, 80th Congress, 1st Sess., 5 U.S.C.A § 863. These employees say that they and others in their class are honorably discharged ex-service men and that they are therefore entitled to statutory preferences in accordance with the Veterans' Preference Act. Until the middle of July 1947 each of plaintiffs held a supervisory position, such as "leading-man shipper and caulker" or "leading man electric welder." In these jobs their per-

formances were rated "good." During July each of plaintiffs received a notice apparently not effective for approximately two months that he would be demoted or reduced to a non-supervisory position, such as "shipper and caulker" or "electric welder." Such demotion would result in loss of grade and hence in salary and prestige. Plaintiffs, acting in accordance with Navy regulations effective at the yard, seasonably claimed a hearing before the "Masters" in charge of their respective shops and divisions. The "Masters" decided adversely to them; and apparently the demotions were about to be put into effect in October, 1947.

On October 2, 1947, before they had been reduced in status, plaintiffs on behalf of themselves and all other members of the Boston Navy Yard War Veterans' Association similarly situated, filed suit in this Court. They assert that by various devices such as false efficiency ratings defendants have conspired to deny plaintiffs rights under the statute already cited and have given notices of demotion which will violate those statutes. They claim that any further administrative appeals are useless because the records of their hearings before the "Masters" have been "improperly kept" and "plaintiffs will be demoted regardless of any appeal to an administrative body which they might pursue."

Plaintiffs seek temporary and permanent injunctions against demotions or such other actions by defendants as would violate the cited legislation, and they also seek damages. After complaint was filed, defendants voluntarily stipulated that plaintiffs' status would remain unchanged until this Court heard the case, October 14, which was the earliest date at which defendants would be ready to proceed.

In my opinion plaintiffs have failed to state a cause of action and their complaint should therefore be dismissed.

The first of the two statutes to which they refer is plainly irrelevant to the facts they allege. Section 4 of the Act of August 23, 1912, as amended, 5 U.S.C.A. § 648, provides for the establishment of a system of efficiency ratings only "for the classified service in the several executive departments in the District of Columbia." There is, and could be, no showing (1) that plaintiffs are in "the classified service" or (2) that their employment is "in the District of Columbia."

On the other hand, the second statute, the Veterans' Preference Act of June 27, 1944, as amended August 4, 1947, 5 U.S. C.A. § 863, does apply to the employment of some, if not all, plaintiffs; but it does not give them at this stage, if ever, a cause of action in this Court.

That legislation gives specified preferences in both the classified and the unclassified civil service (as well as elsewhere) to various classes including honorably discharged ex-service men who have served on active duty in any branch of the armed forces of the United States, during any war, campaign or expedition, 5 U.S.C.A. § 851(a) (b) and (d) (4). At least some and perhaps all of plaintiffs fall within this description of the persons entitled to preference. Moreover, the type of preference which plaintiffs have been accorded by Congress includes the privilege not to be "reduced in rank or compensation * * * except for such cause as will promote the efficiency of the service and for reasons given in writing." 5 U.S.C.A. § 863.

However, the section which confers the privilege states the ways in which the privilege may be asserted. A person who has such a privilege is entitled to (1) thirty days' advance written notice stating the reasons for such proposed reduction; (2) a reasonable time for answering the notice in person, in writing and by affidavit; (3) a right to appeal in writing to the Civil Service Commission from an adverse decision of the administrative officer; and (4) a right to appear personally or by representative before that Commission, 5 U.S.C.A. § 863. The Commission, after investigation and consideration of the evidence, is required to submit to the administrative officer and the appellant its findings and recommendations, 5 U.S.C.A. § 863 and "it shall be mandatory for such administrative officer to take such corrective action

as the Commission finally recommends." Act of August 4, 1947, c. 447.

In view of this statutory scheme, I am of opinion that neither injunctive nor other extraordinary relief is available to a veteran at least until he has taken an appeal to the Commission and either lost his case or won it but failed to get action by the department which employs him. Unlike the situation in United Public Workers v. Mitchell, 330 U.S. 75, 93, 67 S.Ct. 556, his claim of a veteran's privileges and the incidents attached thereto may be entirely vindicated without any judicial interference. On his appeal, the Commission may find him entitled to the job from which he was demoted. The Commission may indeed go further. It may order the department to award the veteran back pay for any loss he may have sustained from an unwarranted demotion. Perhaps, though some authorities ruled otherwise, the Commission was given that power under the original 1944 Act. At any rate, the 1947 amendment certainly confers that power, if it did not exist previously. The language of the amendment broadly authorizes "corrective action." And back-pay is a usual type of corrective action where an employee has been unlawfully demoted or dismissed. Compare § 10 (c) of the National Labor Relations Act, 29 U.S.C.A. § 160(c), interpreted in N.L.R.B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352, and § 3, First (o) and (p) of the Railway Labor Act, 45 U.S.C.A. § 153, subd. 1 (o, p), interpreted in Order of Ry. Conductors v. Pitney, 326 U.S. 561, 566, 66 S.Ct. 322, 90 L.Ed. 318. Moreover, the 1947 amendment makes it clear that (unlike the situation in United States Alkali Export Ass'n v. United States, 325 U.S. 196, 210, 65 S.Ct. 1120, 89 L.Ed. 1554) once the Civil Service Commission issues an order of reinstatement or reparation the department is under a legal duty to obey. It can hardly be supposed that the Secretary of the Navy or Comptroller General would attempt to block the performance of such a duty, or, if he did, that the courts would acquiesce. See Miguel v. McCarl, 291 U.S. 442, 456,

54 S.Ct. 465, 78 L.Ed. 901. Presumably if necessary a writ of mandamus would lie.

The legal effect of the preceding paragraph could be put in either of two familiar forms. Plaintiffs are not entitled to an injunction or other judicial relief at this stage because of the general equitable principle, codified in 28 U.S.C.A. § 384 that relief in equity is not available where plaintiffs have another adequate legal remedy. Or, to put the matter more narrowly, but basically no differently, plaintiffs are not entitled to an injunction at this stage because they have not exhausted their administrative remedies. Macauley v. Waterman S. S. Corp., 327 U.S. 540, 543, 66 S.Ct. 712, 90 L.Ed. 839; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Galardi v. Hague, D.C.Mass. 1947;[1] Asher v. Forrestal, D.C.D.C., 71 F.Supp. 470.

The suggestion was made at the oral argument that the doctrine of exhaustion of administrative remedies ought not to be applied because there are at stake the claims of hundreds of plaintiffs and not just the claim of a single plaintiff. As I understand counsel's point it is that an equity court should hear the case now to avoid a multiplicity of administrative proceedings. But I am not aware of any principle that allows this court to take jurisdiction for the sole purpose of avoiding multiplicity of administrative proceedings particularly where, as here, the facts surrounding each plaintiff's claim are somewhat different. With respect to multiplicity of administrative proceedings, the principle of equity jurisdiction is no broader than, and may be narrower than, it is with respect to multiplicity of law suits. "In general the jurisdiction of equity to avoid multiplicity of civil suits at law is restricted to those cases where there would otherwise be some necessity for the maintenance of numerous suits between the same parties involving the same issues of law or fact. It does not ordinarily extend to cases where there are numerous parties and the issues between them and the adverse party * * * are not necessarily identical." Douglas v. Jeannette, 319 U.S. 157, 165, 63

---

[1] No opinion for publication.

S.Ct. 877, 882, 87 L.Ed. 324; Matthews v. Rodgers, 284 U.S. 521, 529, 530, 52 S.Ct. 217, 76 L.Ed. 447. In short, jurisdiction of this court can not rest on the multiplicity of diverse claims of plaintiffs who have some point or points in common, but whose cases differ in other respects.

■ Since plaintiffs are not now entitled to equitable relief I need not decide whether even after exhausting their administrative remedies they would be entitled to a full judicial review of their contentions. Probably they would be eventually entitled to a review of constitutional, statutory and like legal questions of the type specified in subsections (1) (2) (3) and (4) of § 10 (e) of the Administrative Procedure Act, 5 U.S.C.A. § 1009(e) (1) (2) (3) and (4). Compare the two following cases which appear not to rely upon the Act which may not have been as yet effective. Mitchell v. Cohen, App.D.C., 160 F.2d 915, petition for certiorari granted 68 S.Ct. 61. See Asher v. Forrestal, D.C.D.C., 71 F.Supp. 470, 471. But this does not imply that they are entitled to a review in which a court will consider whether there is substantial evidence to support the administrative findings. Such a review is expressly omitted from the scope of the Administrative Procedure Act in cases involving matters of government personnel. See § 10 (e) (5) of the Administrative Procedure Act, 5 U.S.C.A. § 1009 (e) (5) incorporating by reference §§ 4 and 7 of that Act, 5 U.S.C.A. §§ 1003 and 1006. Moreover, there is no constitutional requirement that such review should be allowed. Lynch v. United States, 292 U.S. 571, 582, 54 S.Ct. 840, 78 L.Ed. 1434; Insular Police Commission v. Lopez, 1 Cir., 160 F.2d 673. See Stark v. Wickard, 321 U.S. 288, 306, 64 S.Ct. 559, 88 L.Ed. 733. And in comparable situations, involving other aspects of civil service employment, so broad a review is ordinarily denied. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Insular Police Commission v. Lopez, supra. See Note, 60 Harv.L.Rev. 779, 784, 785.

Before concluding this opinion, I ought to add that I have not overlooked three subsidiary allegations of the complaint: that defendants have *conspired* to nullify the Act; that they have not kept proper records of the hearings before them; and that plaintiffs will be demoted regardless of any appeal to an administrative body.

■ The allegation of conspiracy is nothing more than a charge that defendants acted in concert. "The averment of a conspiracy does not ordinarily change the nature of the cause of action nor add to its legal force." Weiner v. Lowenstein, 314 Mass. 642, 646, 51 N.E.2d 241, 243. If the action of one governmental official in denying a veteran his preference is not reviewable before the veteran has exhausted his administrative remedies, then the action of several governmental officials whether acting alone, as a board or as a group is not reviewable before the veteran has exhausted his administrative remedies. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

■ If the Navy Department has kept improper records of the hearings before it, the plaintiffs can offer a correct account to the Civil Service Commission on appeal as easily as they could make the offer to a court. The Veterans' Preference Act requires the Commission to allow plaintiffs "to make a personal appearance, or an appearance through a designated representative, in accordance with such reasonable rules and regulations as may be issued by the Civil Service Commission." Section 14 of the Veterans' Preference Act, 5 U.S. C.A. § 863. The same section requires the Commission to investigate and consider the evidence submitted. This means that the Commission is not confined to considering or reviewing the record made in the executive department. The Commission proceeds de novo. It may, of course, receive in evidence the prior departmental record if any proper person submits it and if it is relevant. But the Commission may allow the record to be supplemented or contradicted. The Commission need not believe the record or give it any particular weight.

■ The allegation that plaintiffs "will be demoted regardless of any appeal" appears to mean that pending the appeal to and decision by the Commission the Navy Department will demote plaintiffs. To

avoid the hardship which this will involve, plaintiffs want this court to enjoin defendants from disturbing the status quo pending a final decision by the Commission. If plaintiffs plan to raise before the Commission and eventually, if necessary, before the courts an issue of the type embraced in subsections (1), (2), (3) or (4) of § 10(e) of the Administrative Procedure Act, 5 U.S.C.A. § 1009(e) (1) (2) (3) or (4)—a plan which is not clearly disclosed in the pleadings—there would be power in this Court "to the extent necessary to prevent irreparable injury * * * to postpone the effective date" of the proposed demotions and to preserve the status of plaintiffs pending conclusion of the administrative and judicial review proceedings. § 10 (d) of the Administrative Procedure Act, 5 U.S.C.A. § 1009(d). But I can not find that plaintiffs run the risk of serious irreparable injury of the type contemplated by the quoted statutory language. To be sure, plaintiffs will suffer the immediate inconvenience of loss of pay and of prestige. That inconvenience will not be fully compensated even if in the end the Commission should direct re-instatement and back pay, for presumably counsel fees can not be recouped, and even interest may not be collectible from the government. See United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 588, 67 S.Ct. 398. But this lack of complete restoration to one's prior position is almost always present in one form or another in every situation where aggrieved persons are required to exhaust their administrative remedies before coming to court. See Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51, 52, 58 S.Ct. 459, 82 L.Ed. 638. Moreover, if this Court were to issue a temporary injunction now it would in effect be inconveniencing the Navy by requiring it to postpone reductions in payroll which I can not arbitrarily assume to be unlawful. The suggestion that a judge should allow a veteran an injunction restraining a Navy Yard Captain from demoting him until the Civil Service Commission has passed upon the veteran's case is comparable to the suggestion that a judge should allow a private employee an injunction restraining a private employer from demoting him for union activity until the NLRB has passed upon the employee's claim of discrimination. In each case the judge must refuse to act because in view of remedies provided by Congress there is no risk of serious irreparable injury. Moreover, the issuance of an injunction would virtually involve an implied assumption that the Navy Yard Captain or the private employer is always guilty of violating the law.

■ From what has been said it follows that plaintiffs' complaint should be dismissed forthwith. There is no use in merely keeping the complaint on the docket without any other action, and waiting to see what the Civil Service Commission does. In rare cases, such as Order of Ry. Conductors v. Pitney, 326 U.S. 561, 567, 568, 66 S.Ct. 322, 90 L.Ed. 318, a court may hold complaints in suspense pending administrative action. That, however, would not be a proper course where, as here, there is a statutory method, § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, for judicial review of such questions as are open after final administrative action. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 53, 58 S.Ct. 459, 82 L.Ed. 638.

Complaint dismissed.