**LEVY v. WOODS, Acting Housing Expediter et al.**

No. 9770.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 6, 1948.

Decided Nov. 22, 1948.

Mr. S. L. Levy, appellant, pro se.

Mr. John A. Ryan, Attorney, Department of Justice, of Washington, D. C., with whom Messrs. Newell A. Clapp, Acting Assistant Attorney General, George Morris Fay, U. S. Atty., of Washington, D. C., and Joseph M. Friedman, Special Assistant to the Attorney General, were on the brief, for appellees. Messrs. Joseph J. Shevlin, Principal Attorney, Department of Justice, and Sidney S. Sachs, Assistant United States Attorney, both of Washington, D. C., also entered appearances for appellees.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant Levy brought this suit for a mandatory injunction restoring him to a government position with back pay. He first entered government service in 1918, as a result of a civil service examination, and was employed more or less continuously until 1921. Twenty-two years later, on November 15, 1943, he received a "War Service Appointment—Reinstatement-Indef." as a Labor Economist, P-4, in the War Production Board. On September 29, 1944, his supervisor wrote him a letter charging him with tactless or uncooperative conduct on various occasions, stating that his "services are harmful," asking him to resign, and giving him ten days to answer and show cause why he should not be removed. He was told he might request a hearing. On October 7 he answered the charges but did not request a hearing.[1] On October 31 he was notified in writing that effective November 20 he would be removed "for the good of the service * * * Last day of work: October 28, 1944." This action was approved by the personnel officer of the War Production Board on October 25, 1944.

More than two years later appellant filed this suit for reinstatement and back pay. His complaint alleges in substance that he had been given no opportunity fully to demonstrate his skills in the job to which he was originally assigned, that the charges against him were false and did

---

[1] On October 28 he asked for a hearing, which was refused.

not justify his discharge, that the responsible officer "abused his discretionary authority," and that the discharge was arbitrary and contrary to law and regulations. This appeal is from an order dismissing the complaint for lack of jurisdiction and for failure to state a claim on which relief could be granted.[2]

When appellant reentered government service in 1943 he was "reappointed by war service appointment" under Section 18.8 of the Civil Service Commission's War Service Regulations,[3] which authorized reappointment of former government employees. It also provided that "Persons reappointed under this section will be required to serve a trial period of one year in accordance with § 18.5(c)" of the same Regulations. Section 18.5(c) provided that "If and when, after a full and fair trial during this [trial] period, the conduct or capacity of the trial appointee be not satisfactory to the appointing officer, the appointee may at any time thereafter during the trial period be so notified in writing and such notice shall terminate his service." Appellant was so notified during his trial period and such notice terminated his service. Though charges were made, none were necessary.

Appellant seeks to bring himself under Civil Service Rule XII which, like the Act of August 24, 1912, c. 389, § 6, 37 Stat. 555, 5 U.S.C.A. § 652, directs that written reasons and an opportunity to answer be given employees in the "classified" civil service before they are removed. This Rule and this Act are not applicable to appellant. Section 18.5(b) of the War Service Regulations expressly provides that persons appointed under those Regulations "will not thereby acquire a classified (competitive) civil service status." Moreover Section 18.7(b) specifically excepts from the operation of Civil Service Rule XII "Those serving the trial period provided for in paragraph (c) of § 18.5 * * *" The War Service Regulations were designed primarily to simplify and expedite employment of civil servants during the emergency. Section 18.5(c) provides a correspondingly short and simple procedure for removal of persons so employed. The procedure followed in appellant's case was all that Section 18.5(c) required, and more. It is arguable that everything was done that Civil Service Rule XII would have required if it had been applicable. We need not consider that question.

Unless limited by constitution or statute, "the power of appointment to public office carriers with it the right of removal."[4] It is fully established that if the prescribed procedure, if any, is followed and no constitutional or statutory right is denied, action of executive officers in discharging employees is not subject to revision in the courts.[5] "The allegations that the plaintiff was innocent of the charges preferred againt him * * * and that the investigation which resulted in his removal was biased, prejudiced, and unfair, are immaterial."[6] "A court of law has no jurisdiction to inquire into the guilt or innocence of the employee as to the charges upon which he was removed."[7]

Affirmed.

[2] Appellant's contention that earlier orders in the case made the court's final order invalid is plainly without merit.

[3] 5 Code Fed.Regs. § 18.1 et seq. (Cum. Supp. 1943), 7 Fed.Reg. 7723, as amended. Civil Service Rule IX, regarding reinstatement, did not apply, since War Service Regulations § 18.11 provided that the Regulations superseded that Rule.

[4] Levine v. Farley, 70 App.D.C. 381, 385, 107 F.2d 186, 190, certiorari denied 308 U.S. 622, 60 S.Ct. 377, 84 L.Ed. 519.

[5] Keim v. United States, 1900, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Eberlein v. United States, 1921, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Friedman v. Schwellenbach, 1946, 81 U.S.App.D.C. 365, 135 F.2d 22, certiorari denied 330 U.S. 838, 67 S.Ct. 979, 91 L.Ed. 1285.

[6] Golding v. United States, 1934, 78 Ct.Cl. 682, 685, certiorari denied 292 U.S. 643, 54 S.Ct. 776, 78 L.Ed. 1494. Cf. Asher v. Forrestal, D.C.D.C.1947, 71 F.Supp. 470.

[7] Levine v. Farley, supra note 4, 70 App.D.C. at page 386, 107 F.2d at page 191.