**STEINBERG v. RAMSPECK et al.**
**No. 11527.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 10, 1953.

Decided July 2, 1953.

Mr. Morton C. Steinberg, appellant, pro se.

Mr. William R. Glendon, Asst. U. S. Atty. at the time of argument, Washington, D. C., with whom Mr. Charles M. Irelan, U. S. Atty. at the time of argument, and Mr. Joseph M. Howard, Asst. U. S. Atty. at the time the brief was filed, Washington, D. C., were on the brief, for appellees. Mr. Leo A. Rover, U. S. Atty., and Mr. John J. McCarthy, Atty., United States Civil Service Commission, Washington, D. C., also entered appearances for appellees.

Before WILBUR K. MILLER, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the District Court granting the motion of the defendants for summary judgment in a civil action. Appellant Steinberg filed a complaint in that court, praying for preliminary and final injunctions

against the members of the Civil Service Commission, enjoining them from enforcing a "Departmental Circular" dealing with the appointment and examination of hearing examiners under the Administrative Procedure Act.[1] He also prayed for a declaratory judgment.

In brief the facts are that the Civil Service Commission, pursuant to the Administrative Procedure Act, issued regulations[2] and also appointed a board of examiners to aid in determining the qualifications of both incumbents and applicants for appointments as hearing examiners. Examinations were held, and ratings were assigned to those applicants whose qualifications were determined under this procedure. As a result of those ratings a register was issued, although the ratings were subject to appeal by the applicants to the Board of Appeal and Review and to the Commission. Steinberg's name was on that register. In July, 1949, the board of examiners resigned. At that time the rating of the open competitive examinations had not been completed, and appeals from the initial ratings were pending. The Commission decided to rerate the entire open examination. It is not clear upon the record whether the non-competitive examination of incumbents had or had not then been completed. However, on December 13, 1949, the Commission issued Departmental Circular No. 592, Supplement No. 3. This circular announced that the registers theretofore established would no longer be used for absolute appointment and that the Commission had decided to review the qualifications of all applicants who had filed in the open competitive examination and to rerate the entire examination. Steinberg was at first rerated ineligible but subsequently was rated eligible and has remained on the successive Federal Hearing Examiner lists, although in less favorable positions than the one in which he was placed on the original register. The gravamen of Steinberg's complaint, he tells us in his brief, is the legality of Circular No. 592.

■ It is well established that the courts will not interfere with the management of the executive branch of the Government. The Supreme Court has dealt with the problem a number of times,[3] and this court has had the problem in a number of cases.[4] The Administrative Procedure Act specifically gives the Commission authority to promulgate rules and to appoint advisory committees.

■ Steinberg contends that the Commission arbitrarily and capriciously discarded the register of eligibles, but there is no evidence to support that contention. As to the applicants in the open competitive examination, the record contains an uncontradicted sworn statement that the rerating was for the purpose of according uniform treatment to all applicants. Steinberg stresses a claim that the action was arbitrary because the ultimate result, which he says was the purpose, was to reinstate some sixty incumbents who had been rated ineligible by the board of examiners. But the action of the board was at all times subject to review by the Commission, and it apparently disagreed with the board. We cannot say that the Commission was wrong without re-evalu-

1. 60 Stat. 244 (1946), as amended, 5 U.S.C.A. § 1010.

2. 12 Fed.Reg. 6321 (1947), as amended, 5 Code Fed.Regs. § 34.

3. E. g., Decatur v. Paulding, 1840, 14 Pet. 497, 40 U.S. 497, 10 L.Ed. 559; Keim v. United States, 1900, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774.

4. E. g., Powell v. Brannan, 1952, 91 U.S.App.D.C. 16, 196 F.2d 871; Levy v. Woods, 1948, 84 U.S.App.D.C. 138, 171 F.2d 145; Friedman v. Schwellenbach, 1946, 81 U.S.App.D.C. 365, 159 F.2d 22, certiorari denied, 1947, 330 U.S. 838, 67 S.Ct. 979, 91 L.Ed. 1285; Hammond v. Hull, 1942, 76 U.S.App.D.C. 301, 131 F.2d 23, certiorari denied, 1943, 318 U.S. 777, 63 S.Ct. 830, 87 L.Ed. 1145; Levine v. Farley, 1939, 70 App.D.C. 381, 107 F.2d 186, certiorari denied, 1940, 308 U.S. 622, 60 S.Ct. 377, 84 L.Ed. 519; Bailey v. Richardson, 1950, 86 U.S.App.D.C. 248, 182 F.2d 46, affirmed, 1951, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352.

ating qualifications, a task which we cannot undertake.[5]

Even as to incumbent examiners the Supreme Court said in the Ramspeck case:[6]

"The position of hearing examiners is not a constitutionally protected position. It is a creature of congressional enactment. The respondents have no vested right to positions as examiners."

 A *fortiori* applicants for positions as hearing examiners have no vested rights to the positions.

 That the Commission had difficulty in carrying out its duties in respect to hearing examiners under the Administrative Procedure Act is no secret.[7] Nevertheless we think that the revision of its procedure, involved in Departmental Circular No. 592, Supplement No. 3, was well within the discretion conferred upon the Commission by the statute and by the general rules relating to executive control over the personnel in the executive departments.

Affirmed.

---

5. See Keim v. United States, 1900, 177 U. S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Powell v. Brannan, 1952, 91 U.S.App. D.C. 16, 196 F.2d 871.

6. Ramspeck v. Trial Examiners Conf., 1953, 345 U.S. 128, 133, 73 S.Ct. 570.

7. See, for example, Fuchs, The Hearing Examiner Fiasco Under the Administrative Procedure Act, 63 Harv.L.Rev. 737, 767 (1950).