BENNETT
v.
**DULLES, Secretary of State.**
Civ. A. No. 4981–52.

United States District Court
District of Columbia.
Jan. 6, 1954.

Keith L. Seegmiller, Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty., Oliver Gasch, Frank H. Strickler, and Rufus E. Stetson, Jr., Asst. U. S. Attys., Washington, D. C., for defendant.

PINE, District Judge.

There are before me plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. Both parties therefore agree that there is no genuine issue of a material fact.

For many years prior to October 13, 1947, plaintiff occupied a classified civil service position in the Department of Agriculture. On that date she was appointed to and entered upon the duties of a classified civil service position in the Department of State, designated as Editorial Specialist.

On August 27, 1952, a three-page, single-spaced letter was transmitted to plaintiff by defendant's representative. This letter contained numerous specifications of derelictions on her part which might be classified as follows: failure to do the work assigned to her satisfactorily; lack of cooperation with superiors; insubordination; and inefficiency in general. It also referred to many unsuccessful efforts made by defendant's representatives to assist plaintiff in the performance of her duties, and stated that the Department had refrained from action looking to her separation from the service because it was felt that her failure to measure up to the requirements of her position was due to some physical or emotional disturbance, rather than to her unwillingness to perform her duties in a satisfactory manner. It likewise stated that the Mental Hygiene Unit of the Public Health Service concluded that plaintiff was unfit to continue in Government service and recommended her

retirement; that upon plaintiff's refusal to make application for retirement, the Department decided it was in her interest as well as that of the Government to file an application for such purpose on her behalf, but that the application was denied by the Civil Service Commission.[1]

The letter concluded by stating that it was proposed to separate her from the service for inability to perform the duties required of her position, and gave her ten days to show cause why such action should not be taken. On September 16, 1952, she was separated from her position, the notification of which recited "Separation (Disability)." This term is defined in the Federal Personnel Manual (page R1–14–02) as "Separation of an employee whose mental or physical condition renders him incapable of performing the duties of his position and who is ineligible for disability retirement. * * *"

 Plaintiff's principal contention is that she was not charged with "Disability" but only with "Inability," and therefore that she was removed from her position upon a charge not submitted to her and that she had no opportunity to answer such charge. This would appear to be an exercise in semantics; and the fact is, she was charged with the very condition for which she was separated from the service, and she comes squarely within its scope. After reciting numerous derelictions, as above stated, she was told that defendant had concluded that they were due to a physical or emotional disturbance and not to unwillingness to perform her duties satisfactorily, and therefore that it was proposed to separate her for inability to perform those duties. So much for her principal contention.

In addition, although the point was not stressed, it should be stated that the charges here are not lacking in specificity, and satisfy the requirements of the statute and regulation in this respect.[2] Furthermore, the other procedural requirements were complied with, there is no showing of arbitrary or capricious conduct, and no statutory or constitutional rights are involved. Under these circumstances, the jurisdiction of the courts comes to an end, for "it is fully established that if the prescribed procedure, if any, is followed and no constitutional or statutory right is denied, action of executive officers in discharging employees is not subject to revision in the courts."[3]

Defendant's motion for summary judgment should therefore be granted. Counsel will submit order in accordance herewith.

---

1. The Civil Service Commission found that the evidence was insufficient to establish total disability under the Retirement Act.

2. 5 U.S.C.A. § 652(a), 37 Stat. 555 (1912) as amended. The recent opinions in Money v. Anderson, D.C.Cir., 208 F.2d 34, and Manning v. Stevens, D.C.Cir., 208 F.2d 827, do not appear to be contrary to the view here entertained. See also finding of Civil Service Commission to the same effect, Exhibit "C" herein.

3. Levy v. Woods, 84 U.S.App.D.C. 138, 139, 171 F.2d 145, 146. See also Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186, to the same effect.