Martin FASS, Plaintiff,

v.

R. G. RUEGG et al., Defendants.

No. 3019.

United States District Court
S. D. Ohio, W. D.

May 25, 1965.

Kusworm & Myers, Dayton, Ohio, for plaintiff.

Joseph P. Kinneary, U. S. Atty., Roger J. Makley, Asst. U. S. Atty., for defendant.

WEINMAN, Chief Judge.

This matter is before the Court upon the motion of defendants for summary judgment.

This is what is commonly referred to as an employee dismissal case. The facts, briefly summarized, are as follows: Plaintiff was employed as an Aeronautical Engineer at Wright Patterson Air Force Base. He was given a Notice of Proposed Removal, dated September 18, 1962, which stated "inefficiency" as the reason for the proposed removal. On October 2, 1962, plaintiff filed a letter of reply. Thereafter, it was determined that the charge of inefficiency had not been refuted and plaintiff received a Decision to Remove, dated October 23, 1962, with the effective date of removal being October 26, 1962. Thereafter, plaintiff appealed to the United States Department of Air Force and a Grievance Committee was convened. That Committee, by letter dated May 1, 1963, advised plaintiff that his

removal had been sustained; plaintiff also received a copy of the Grievance Committee's Findings of Fact. Plaintiff then appealed to the Chicago Regional Office of the United States Civil Service Commission. A Commission Representative conducted a hearing at Dayton, Ohio on June 26, 1963, after which the Chicago Regional Office, by letter dated October 1, 1963, approved the removal. Plaintiff then appealed to the Board of Appeal and Review of the United States Civil Service Commission, Washington, D. C. That Board, by letter dated January 23, 1964, sustained the decision of the Chicago Regional Office and denied plaintiff's appeal. On May 26, 1964, plaintiff filed this suit alleging that at the time of the original hearing, and subsequent to that hearing, there were certain errors which prejudiced him so that he did not receive a fair and impartial hearing. In his complaint he lists these alleged errors.

One of the most frequently cited decisions in employee dismissal cases is Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900). In that case, the Supreme Court held that the removal of executive department employees was within the ambit of executive discretion and that until Congress makes provisions to the contrary, the courts could not review the soundness or propriety of the exercise of the department head's discretion. The Court stated, at pages 293–294, 20 S.Ct. at page 575:

> "The appointment to an official position in the government, even if it be simply a clerical position, is not a mere ministerial act, but one involving the exercise of judgment. The appointing power must determine the fitness of the applicant; whether or not he is the proper one

to discharge the duties of the position. Therefore it is one of those acts over which the courts have no general supervising power.

> "In the absence of specific provision to the contrary, the power of removal from office is incident to the power of appointment. 'It cannot for a moment be admitted that it was the intention of the Constitution that those offices which are denominated inferior offices should be held during life. And if removable at pleasure, by whom is such removal to be made? In the absence of all constitutional provision or statutory regulation it would seem to be a sound and necessary rule to consider the power of removal as incident to the power of appointment.' [In] Re Hennen, 13 Pet. 230, 259 [10 L.Ed. 138]; Parsons v. United States, 167 U.S. 324 [17 S.Ct. 880, 42 L.Ed. 185]. * * *"

■ This Court's review of dismissal from federal employment is therefore limited to a determination of whether the prescribed procedural steps have been complied with and no constitutional or statutory rights have been denied; the merits of the decision to remove an employee for inefficiency cannot be considered.[1]

■ In the instant case, the Court has considered each of the errors alleged by plaintiff. The Court finds, contrary to plaintiff's allegation, that the charges against plaintiff were not lacking in specificity. The Court further finds that each of the other alleged errors is without merit and each is refuted in the brief filed by the Assistant United States Attorney.

■ The relative brevity of this decision, where the exhibits before the Court

---

[1]. In addition to Keim v. United States, supra, the following cases contain the law which is applicable to the instant case. Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140 (1921); Baum v. Zuckert, 342 F.2d 145 (6 Cir. 1965); Seebach v. Cullen, 338 F.2d 663 (9 Cir. 1964); Indiviglio v. United States, 299 F.2d 266, 156 Ct.Cl. 241 (Ct.Cl.1962); Ellis v. Mueller, 108 U.S. App.D.C. 174, 280 F.2d 722 (D.C.Cir. 1960); Levy v. Woods, 84 U.S.App.D.C. 138, 171 F.2d 145 (D.C.Cir.1948); Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186 (D.C.Cir. 1939); Bennett v. Dulles, 117 F.Supp. 454 (D.C.D.C.1954).

are so voluminous, does not, of course, indicate that the Court did not give extensive consideration to this matter. However, the scope of permissive review is limited and having found that the required procedural rights were complied with and no constitutional or statutory rights were denied, the Court sustains defendants' motion for summary judgment.