Hay, Judge,
delivered the opinion of the court:
The act of February 28, 1873, 17 Stat. 479, provided as ■follows: “ Each of the professors of the Military Academy whose service at the academy exceeds 10 years shall have ■the pay and allowances of colonel, and all other’professors ■shall have the pay and allowances of lieutenant-colonels.” .
The act of June 6, 1874, provided: “That the Secretary of War may assign one of the judge advocates of the Army to be professor of law.” This act was the act making appropriations for the support of the Military Academy for the fiscal year ending June 30, 1875. It was under the provisions of the last mentioned act that the plaintiff was assigned to duty as professor of law at the Military Academy, he being at the time a judge advocate of the Army, and being also a major on the active list of the Army.
Unless the act of February 28, 1873, has been repealed it is very clear that the plaintiff, being a professor at the Military Academy, is entitled, while serving as such, to the pay of a lieutenant colonel. There is no ambiguity about the provisions of the act. Congress in the passage of the act was clearly within its rights when it fixed the pay and allowances to which the professors at the Military Academy should be entitled. And until Congress repeals this law, or amends it so as to provide that the officer assigned to be professor of law at the Military Academy shall receive *630 different pay and allowances than those provided for in the act the officer so assigned must be paid the pay and allowances of a lieutenant colonel.
The act of June 4, 1920, 41 Stat. 785, upon which the Government seems to rely, provides as follows”: “ Hereafter ■ no detail, rating, or assignment of an officer sir all carry advanced rank, except as otherwise specifically provided herein.” This does not repeal the act of February 28, 1873. The last named act does not deal with rank, but only provides what pay and allowances shall be made to an officer-performing certain duties. ■ . .
And moreover in the case at bar the plaintiff had been; assigned to perform the duties of professor, of, law at the Military Academy before the passage of the act of June 4, 1920, and was performing those duties when the act was-passed, and was paid in accordance with the provisions of the act of February 28, 1873, up to June 30, 1921. He was-not paid from June 30,, 1921, to June 16, 1922, not because he was not-entitled to his pay under the act of February 28, 1873, but because Congress made no appropriation for that fiscal year for the pay and allowances provided for one performing the duties of a professor of law at the Military Academy.
But that fact does not preclude the plaintiff from obtaining relief in this court. His pay and allowances have beem fixed by law. The officers of the Treasury have-no authority to pay the officer until an appropriation therefor has been made. But the liability of the United States to-pay exists independently of the appropriation, and may be enforced by proceedings in this court. Collins v. United States, 15 C. Cls. 22, 35; Wood v. United States, 15 C. Cls. 151.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.