Hat, Judge,
delivered the opinion of the court:
(Section 1309 of the Revised Statutes provides for one commandant of cadets at the Military Academy at West Point. The plaintiff was duly appointed by competent authority to the position of commandant of cadets at the Military Academy at West Point, and held said position for the period recited in the foregoing findings of fact. For two years he was paid the pay of a lieutenant colonel while holding said position. For two years he was not paid the pay of a lieutenant colonel, Congress having failed to appropriate the money necessary for that purpose.
Section 1334 of the Revised Statutes provides as follows: “The superintendent of the Military Academy shall have the pay of a colonel and the commandant of cadets shall have the pay of a lieutenant colonel.”
No matter what rank the officer might have had below that, of a lieutenant colonel, when he was appointed by competent authority he was entitled under the provisions of the above statute to the pay of a lieutenant colonel, unless that statute had been repealed by subsequent legislation. There is no. question here involved as to rank, the whole question being-as to pay for the performance of certain duties. Congress, was clearly within its rights when it fixed this pay, and until Congress repeals this law the officer appointed to- *288 perform the duty must be paid under the provisions of the above statute.
The act of June 4, 1920, 41 Stat. 785, upon which the Government relies to defeat the section of the Revised Statutes above quoted, provides as follows:
“ Hereafter no detail, rating, or assignment of an officer shall carry advanced rank, except as otherwise specifically provided herein.”
This does not repeal section 1334 of the Revised Statutes. That section does not deal with rank, but with the pay of an officer performing a certain duty.
The fact that Congress made no appropriation for the two years for which he was not paid does not preclude the plaintiff from obtaining relief in this court. His pay has been fixed by law. The accounting officers of the Government have no authority to pay the officer until an appropriation therefor has been made. But the liability of the United States to pay exists independently of the appropriation, and may be enforced by proceedings in this court. Strong v. United, States, 60 C. Cls. 627, 630, and the cases there cited.
The plaintiff is entitled to a judgment for $934.92. It is so ordered.
■ GRAHAM, Judge; Booth, Judge; and Campbell, Chief Justice, concur.