Geaham:, Judge,
delivered the opinion of the court:
This is a claim of a first lieutenant in the United States Army for the pay of a captain for the period from June 15, 1926, to August 20,1927, while stationed at the United States *261 Military Academy at West Point, New York, and performing the duties of assistant instructor of tactics, commanding a company of cadets. Plaintiff was paid the pay of a first lieutenant, and suit is now brought for the difference between the pay of a captain and a first lieutenant of the Army. The claim is based on the act of March 3, 1875, 18 Stat. 467, and section 1337, R. S.
As shown by the records of the War Department, plaintiff, first lieutenant, Field Artillery, was by competent orders assigned to duty at the United States Military Academy, at West Point, New York, department of tactics, to command a company of cadets, effective June 15, 1926. He entered on duty under such assignment on said date and was relieved from the assignment on August 20, 1927.
From the time plaintiff entered on duty in the department of tactics to command a company of cadets, on June 15, 1926, to the time he was relieved from such duty, August 20, 1927, he was credited pay as a first lieutenant with over seven years’ service at the rate of $183.33 per month. If held entitled to the pay of a captain with over seven years’ service for the same period, there would be due him the sum of $520.71, representing the difference between $220.00 per month and $183.33 per month for 14 months and 6 days.
The plaintiff’s claim, when presented for settlement to the General Accounting Office, was disallowed for the reason that no appropriation was available for the payment thereof.
This case is ruled by the following cases: Strong v. United States, 60 C. Cls. 627; Danford v. United States, 62 C. Cls. 285, 287, and McNeil v. United States, 64 C. Cls. 406, 407. It is practically on all fours with the last-named case.
The only reason given for refusing payment by the comptroller was that he had no funds available to pay assistant professors at the Military Academy. This, as was held in the MeNeil ease, does not affect the liability of the United States to pay, and the liability may be enforced in this court.
The plaintiff is entitled to recover $520.71. Judgment should be entered therefor, and it is so ordered.
Williams, Judffe; LittletoN, Judge; GeeeN, Judge; and Booth, Ohief Justice, concur.