LittletoN, Judge,
delivered the opinion:
The plaintiff, while holding the rank of first lieutenant and drawing the pay and allowances of such office during the period in question, was serving as an assistant instructor of tactics commanding a company of cadets, for which service he claims the pay and allowances of a captain under the act *291 of March 3, 1875, 18 Stat. 466, 467, and section 1337 of the Revised Statutes from July 26, 1927, to October 31, 1928. The first-mentioned act, now title 10, sec. 1136, p. 211, United States Code, provides that “The assistant instructors of tactics commanding cadet companies at West Point shall receive the same pay and allowances as assistant professors in the other branches of study”; and section 1337, now title 10, sec. 1135, p. 211, United States Code, provides that “Each assistant professor and each senior assistant instructor of cavalry, artillery, and infantry tactics shall receive the pay of a captain.”
The claim was disallowed by the Comptroller General for the reason as stated in his decision A-31911 of June 27, 1930, that his office had no authority for settling and certifying a claim where no appropriations for its payment had ever been made.
This question has been before the court in other cases, and we are of opinion that plaintiff is entitled to recover. George V. Strong v. United States, 60 C. Cls. 627; Robert M. Danford v. United States, 62 C. Cls. 285; Edwin O. McNeil v. United States, 64 C. Cls. 406; and Williston B. Palmer, 69 C. Cls. 260.
The reply of the General Accounting Office of March 24, 1931, in response to a call issued by the court upon motion of plaintiff, computes the amount due the plaintiff as pay and allowances of a captain to be $542.25 from July 26, 1927, to October 3, 1928. However, the evidence shows that plaintiff commanded a company of cadets and performed the duties of an assistant instructor of tactics, as prescribed in paragraph 168 of the regulations for the United States Military Academy, during the period from July 26 1927, to October 31, 1928. From this it would seem that plaintiff is entitled to judgment for $576.75; however, entry of judgment will be suspended to await the filing of a statement from the General Accounting Office of the exact amount due plaintiff for the period July 26, 1927, to October 31, 1928.
Whaley, Judge; Williams, Judge; GreeN, Judge; and Booth, Chief Justice, concur.