## LOPEZ v. INSULAR POLICE COMMIS-SION, etc.

### Civ. 4596.

District Court, Puerto Rico.
May 29, 1946.

Angel M. Villamil, Godofredo Gaetán Roberts, and Pedro Juan Alcalá, all of San Juan, P. R., for petitioner.

E. Campos del Toro, Atty. Gen., of Puerto Rico, for respondent.

COOPER, District Judge.

This is a proceeding under Selective Training and Service Act of 1940, as amended, Service Extension Act of 1941, 50 U.S.C.A.Appendix, §§ 308, 357.

A pre-trial conference was held on the 21st of May 1946. The facts alleged in the petition are admitted by the respondent. The only issue to be tried is a legal one. The Police Commission through the Attorney General raised what it considers the legal question which makes it permissible to sustain petitioner's contention only in part. It is urged that insular·policemen are appointed for a period of two years; that the petitioner, having been removed from his position by the Insular Police Commission on February 13, 1940, was re-instated by order of the Supreme Court of Puerto Rico on September 23, 1943. It is alleged that petitioner's two-year term as policeman would have expired in five months from the

date of his removal. The following facts are admitted:

## Findings of Fact.

1. Petitioner Carlos M. Lopez is a citizen of the United States residing in Puerto Rico. Respondent is an agency of the Government of Puerto Rico.

2. Petitioner was employed by respondent since October 16, 1936, as an insular policeman.

3. Petitioner was inducted into the armed forces of the United States on October 24, 1942, and on October 28, 1943, he was re-instated as an insular policeman and granted an indefinite leave of absence on account of his then being in the Army.

4. Petitioner was honorably discharged from the Army of the United States on December 5, 1945, and on December 7, 1945, he applied to respondent for re-instatement to his former position. This petition was refused. Respondent is qualified to perform the duties of his position as insular policeman.

## Conclusions of Law.

1. Respondent is an agency of the Government of Puerto Rico, a territory under the Government of the United States of America, and may be sued under the law applicable to this case. Petitioner is entitled to be reinstated to his former position as insular policeman in the employ of respondent or to a position of like seniority, status and pay since it does not appear that respondent's circumstances are so changed as to make it impossible or unreasonable to reinstate petitioner to his former position and since it appears further that petitioner is qualified to perform the duties of said position.

2. Petitioner is entitled to be reinstated without loss of seniority and shall not be discharged from said position without cause within a year after such restoration.

3. Petitioner's position as insular policeman is not a temporary position.

A judgment will be entered accordingly.