### INSULAR POLICE COMMISSION v. LOPEZ.

No. 4192.

Circuit Court of Appeals, First Circuit.

March 26. 1947.

Writ of Certiorari Denied June 16, 1947.

See 67 S.Ct. 1743.

674

Samuel D. Slade, Department of Justice, of Washington, D. C. (John F. Sonnett, Asst. Atty. Gen., Paul A. Sweeney and Emery Cox, Jr., Attys., Department of Justice, Mastin G. White, Sol., Department of Interior, and Irwin W. Silverman, Chief Counsel, Division of Territories and Island Possessions, Department of Interior, all of Washington, D. C., of counsel), for appellant.

Angel M. Villamil and Gaetan Roberts & Alcala, all of San Juan, P. R., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

Carlos M. Lopez, an honorably discharged veteran of the United States Army, filed a petition in the District Court of the United States for Puerto Rico under § 8 of the Selective Training and Service Act of 1940, as amended, 54 Stat. 890, 56 Stat. 724, 58 Stat. 798, 50 U.S.C.A.Appendix, § 308.[1]

---

[1] "Sec. 8. (a) Any person inducted into the land or naval forces under this Act for training and service, who, in the judgment of those in authority over him, satisfactorily completes his period of training and service under section 3(b) shall be entitled to a certificate to that effect upon the completion of such period of training and service, which shall include a record of any special proficiency or merit attained. * * *

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—

"(A) if such position was in the employ of the United States Government, its Territories or possessions, or the District of Columbia, such person shall be restored to such position or to a position of like seniority, status, and pay;

"(B) if such position was in the employ of a private employer, such employer

He sought a judgment ordering defendant, Insular Police Commission, an agency of the Government of Puerto Rico, to restore him to his former position as an insular policeman at a salary of $83.33 per month and to compensate him for his interim loss of salary. A motion to dismiss for lack of jurisdiction was filed by defendant; but this motion was denied for lack of prosecution, and thereafter defendant filed its answer admitting most of the factual allegations of the petition. After a pretrial conference, the district court, on May 29, 1946, filed its findings of fact and conclusions of law and its judgment in the case (67 F.Supp. 112). The court concluded that petitioner was entitled to be reinstated in his former position as insular policeman "since it does not appear that respondent's circumstances are so changed as to make it impossible or unreasonable to reinstate petitioner to his former position and since it further appears that petitioner is qualified to perform the duties of said position." The judgment, which is the subject of the present appeal, ordered that petitioner be reinstated to the position of insular policeman; that he be not discharged from such position without cause within one

year after December 7, 1945 (the date on which he applied for reemployment), and that he "be paid his regular salary for the period beginning December 7, 1945 up to this date."

The only question presented to us by appellant is whether the court below had jurisdiction of a suit to enforce a veteran's reemployment rights as against an agency of the Government of Puerto Rico, a territory of the United States, in the absence of a provision in the Selective Training and Service Act authorizing such a suit. Under the Organic Act, 48 U.S.C.A. § 863, the United States District Court for Puerto Rico has "jurisdiction of all cases cognizable in the district courts of the United States," plus certain additional jurisdiction not now relevant.

As appears from the text of the Selective Training and Service Act, the pertinent portions of which are quoted above in the footnote, the only provision there made for judicial enforcement of a veteran's reemployment rights is contained in § 8(e) relating exclusively to positions in the employ of any private employer. It seems that the district court erroneously thought that the case came within § 8(e), for one of the

---

shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so; * * *

"(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration. * * *

"(e) In case any private employer fails or refuses to comply with the provisions of subsection (b) or subsection (c), the district court of the United States for the district in which such private employer maintains a place of business shall have power, upon the filing of a motion, peti-

tion, or other appropriate pleading by the person entitled to the benefits of such provisions, to specifically require such employer to comply with such provisions, and, as an incident thereto, to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action. The court shall order a speedy hearing in any such case and shall advance it on the calendar. Upon application to the United States district attorney or comparable official for the district in which such private employer maintains a place of business, by any person claiming to be entitled to the benefits of such provisions, such United States district attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof to specifically require such employer to comply with such provisions: Provided, That no fees or court costs shall be taxed against the person so applying for such benefits. * * * *"

court's stated conclusions was that defendant's circumstances had not so changed as to make it impossible or unreasonable to reinstate petitioner to his former position—a condition precedent having to do with reinstatement to private employment only, not to reinstatement to a position "in the employ of the United States Government, its Territories or possessions, or the District of Columbia".

■ In Lynch v. United States, 1934, 292 U.S. 571, 582, 54 S.Ct. 840, 845, 78 L. Ed. 1434, the court said: "When the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011. It may limit the individual to administrative remedies. Tutun v. United States, 270 U.S. 568, 576, 46 S.Ct. 425, 70 L.Ed. 738." So far as we can find, the legislative history of the Selective Training and Service Act is barren of any intimation that the Congress contemplated any judicial enforcement of the rights conferred as against the Government of the United States or of its territories or possessions.

■ Though the petition based the jurisdiction of the court below solely on § 8 of the Selective Training and Service Act, appellee now suggests that jurisdiction may be based upon paragraph (14) of § 24 of the Judicial Code, 28 U.S.C.A. § 41(14), reading:

"The district courts shall have original jurisdiction as follows: * * * (14) Suits to redress deprivation of civil rights.

"Fourteenth. Of all suits at law or in equity authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom, or usage, of any State, of any right, privilege, or immunity, secured by the Constitution of the United States, or of any right secured by any law of the United States providing for equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States."

In this connection, reference is made to 8 U.S.C.A. § 43, derived from § 1 of the Civil Rights Act of April 20, 1871, 17 Stat. 13, as reenacted with modifications in R.S. § 1979:

"§ 43. Civil action for deprivation of rights.

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

We do not think that the above provisions of law have any relevance to the present case. This is not a suit against public officials as individual wrongdoers to recover damages or to enjoin a threatened invasion of plaintiff's rights. The object of the suit, as well as the effect of the judgment, is to require affirmative official action putting plaintiff on the payroll as an employee of the insular government and reimbursing plaintiff out of the public treasury for his interim loss of salary. It is in substance a suit against the insular government, a subordinate arm of the Government of the United States which has not consented to such suit. Mine Safety Appliances Co. v. Forrestal, 1945, 326 U.S. 371, 66 S.Ct. 219.

It is to be noted that § 8(b) (A) of the Selective Training and Service Act puts in a single category positions "in the employ of the United States Government, its Territories or possessions, or the District of Columbia". Suppose a veteran should bring suit in a district court against an official of the Government of the United States to obtain reemployment in a federal position under the jurisdiction of such official. Cf. Ballf v. Kranz, 9 Cir., 1936, 82 F.2d 315. Such a suit obviously could not be maintained under the jurisdictional provision of § 24(14) of the Judicial Code, because the respondent official, in denying the application for reemployment, could not be said to be acting "under color of any

law * * * of any State." [2] As judicial enforcement of a veteran's reemployment rights could not be had in such a case, it certainly cannot be supposed, in the absence of explicit legislative provision, that Congress contemplated judicial enforcement of a veteran's reemployment rights covered by § 8(b) (A) where the public position happened to be in the employ of a territorial government.

▆▆▆ Jurisdiction of the court below cannot be rested on paragraph (1) of § 24 of the Judicial Code, 28 U.S.C.A. § 41(1), conferring original jurisdiction upon the district courts in "all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States * * *." In the first place, the requisite jurisdictional amount is lacking. In the second place, the judgment now appealed from is in the nature of mandamus; and district courts do not have general original jurisdiction in cases of mandamus, but may issue such writ only in aid of their jurisdiction in cases already pending, under § 262 of the Judicial Code, 28 U.S.C.A. § 377. For a long time, proceedings in mandamus have not been deemed to be "suits of a civil nature, at common law or in equity." Bath County v. Amy, 1871, 13 Wall. 244, 248, 20 L.Ed. 539; Rosenbaum v. Bauer, 1887, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743, affirming Rosenbaum v. Board of Supervisors, C.C.D.Cal., 1886, 28 F. 223; Knapp v. Lake Shore R. Co., 1905, 197 U.S. 536, 25 S.Ct. 538, 49 L.Ed. 870; Covington & Cincinnati Bridge Co. v. Hager, 1906, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Barber v. Hetfield, 9 Cir., 1925, 4 F.2d 245; Torre v. Fulton, 1 Cir., 1928, 28 F.2d 1020; Ballf v. Krantz, 9 Cir., 1936, 82 F.2d 315; Youngblood v. United States, 6 Cir., 1944, 141 F.2d 912.

Ballf v. Kranz, just cited, is close to the case at bar in the situation presented. The petition filed in a district court alleged that petitioner had been employed as a clerk in the district office of the United States Civil Service Commission at San Francisco, California, of which office respondent was the district manager; that petitioner was ordered to active military duty as an officer of the Reserve Corps, United States Army; that at the expiration of said period of military service, petitioner requested restoration to his position in said district office, to which he was entitled by virtue of the Act of May 12, 1917, 40 Stat. 72, providing that "members of the Officers' Reserve Corps who are in the employ of the United States Government or of the District of Columbia and who are ordered to duty by proper authority shall, when relieved from duty, be restored to the positions held by them when ordered to duty"; that notwithstanding this provision of law, respondent had refused to restore petitioner to said position. The prayer of the petition was for a writ of mandamus compelling respondent to restore petitioner to his position in the district office and to pay petitioner the salary of said position from the date on which he had applied for reinstatement. It was held that the district court properly dismissed the petition for lack of jurisdiction.

The judgment of the District Court is vacated and the case is remanded to that court with direction to dismiss the petition for lack of jurisdiction.

[2] In addition it could not be said that the official had deprived the plaintiff of any right secured by the Constitution of the United States "or of any right secured by any law of the United States providing for equal rights of citizens of the United States."