## KEPHART v. UNITED STATES.
### No. 47363.

Court of Claims.
March 1, 1948.

For former opinion see 74 F.Supp. 578.

Calvin I. Kephart, pro se.

S. R. Gamer, of Washington, D. C., and H. G. Morison, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and MADDEN, WHITAKER, LITTLETON, and HOWELL, Judges.

HOWELL, Judge.

The defendant's motion for a new trial is based upon two grounds, first, the court erred in holding that plaintiff, as an employee of the Federal Government, had a right to sue the United States for benefits to which he was allegedly entitled under Public Resolution No. 96, approved August 27, 1940, 50 U.S.C.A.Appendix, § 401 et seq., as amended by the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 308; second, that it was error to decide plaintiff was entitled to recover.

Defendant again calls the attention of the court to the cases of Insular Police Commission v. Lopez, 1 Cir., 160 F.2d 673, certiorari denied, 331 U.S. 855, 67 S.Ct. 1743, and Clark v. United States, 72 F.Supp. 594, 109 Ct.Cl. 444. These cases are both clearly distinguishable from the case before us.

In Insular Police Commission v. Lopez, supra, the proceedings were for mandamus restoring plaintiff to his former position and for interim loss of salary. In the case of Ballf v. Krantz, 9 Cir., 82 F.2d 315, which is discussed in the Lopez opinion, the proceedings were identical. In these cases it was held that the District Courts of the United States had no jurisdiction to hear and determine such suits and the proceedings were therefore properly dismissed.

Clark v. United States, supra, involved a suit by a former Federal Judge who had resigned from his position in order to enter the armed forces, for salary to which he claimed he was entitled. A successor having been duly appointed to fill the vacancy created by his resignation, this court held that to hold the provisions of the Selective Training and Service Act applicable would, in effect, enable Congress to direct the

President whom to appoint to such vacancies and thus encroach upon the powers of appointment of the President. In holding that Congress could not possibly usurp the Constitutional appointing power, this court properly dismissed the plaintiff's petition.

In that case we did not decide that an employee of the Federal Government did not have a right of action against the Government if he was wrongfully denied restoration to his former position. We left that question unanswered.

In all three cases the plaintiff was asking not only to be restored to his former position, but for interim salary, whereas in the present case the plaintiff has already been restored to his former position and claims only the difference in salary which improper Civil Service classification caused him to lose.

The pertinent provisions of section 8 of the Selective Training and Service Act of 1940, as amended, 54 Stat. 890, 56 Stat. 724, 58 Stat. 798, 50 U.S.C.A.Appendix, § 308, appear below.[1]

Particular attention is directed to paragraph (A) of subsection (b). In dealing with an employee of the United States

---

[1] "Sec. 308. Service and health certificates; employment and reemployment provisions; voting during service

"(a) Any person inducted into the land or naval forces under this Act for training and service, who, in the judgment of those in authority over him, satisfactorily completes his period of training and service under section 3(b) [Section 303 (b) of this Appendix] shall be entitled to a certificate to that effect upon the completion of such period of training and service, which shall include a record of any special proficiency or merit attained. In addition, each such person who is inducted into the land or naval forces under this Act for training and service shall be given a physical examination at the beginning of such training and service; and upon the completion of his period of training and service under section 3(b) [Section 303(b) of this Appendix], each such person shall be given another physical examination and, upon the written request of the person concerned, shall be given a statement of medical record by the War Department: *Provided,* That such statement shall not contain any reference to mental or other conditions which in the judgment of the Secretary of War or the Secretary of the Navy would prove injurious to the physical or mental health of the person to whom it pertains.

"(b) In the cases of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within forty days after he is relieved from such training and service—

"(A) if such position was in the employ of the United States Government, its Territories or possessions, or the District of Columbia, such person shall be restored to such position or to a position of like seniority, status, and pay;

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;

"(C) if such position was in the employ of any State or political subdivision thereof, it is hereby declared to be the sense of the Congress that such person should be restored to such position or to a position of like seniority, status, and pay.

"(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration.

"(d) Section 3(c) of the joint resolution entitled "Joint Resolution to strengthen the common defense and to authorize the President to order members and units of reserve components and retired personnel of the Regular Army into active military service", approved August 27, 1940 [section 403(c) of this Appendix], is amended to read as follows:

" '(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of sub-

Government, its Territories or possessions, or the District of Columbia, it contains this language: "such person *shall be* restored to such position or to a position of like seniority, status, and pay."

Since Congress was dealing with employees of the Federal Government, it naturally possessed the power to direct that such persons should be restored, etc. The use of this language is not only directive, in our opinion, but mandatory.

Paragraph (B) of subsection (b) refers to a person holding a position with a private employer, wherein it is provided: "such employer *shall* restore such person to such position, etc. * * *"

In implementing this requirement, Congress in subsection (e) of section 8 provided the forum in which a private employee could sue, in this language: "In case any private employer fails or refuses to comply with the provisions of subsection (b) or subsection (c), the district court of the United States for the district in which such private employer maintains a place of business shall have power, * * *."

In paragraph (C) of subsection (b), in dealing with an employee of any State or political subdivision thereof, this language is used: "It is hereby declared to be the sense of the Congress that such person should be restored * * *."

Apparently it was hoped by Congress that the various states would permit themselves to be sued in appropriate proceedings, thereby giving the third class of employees means of enforcing their rights under the Act.

■ Since 1855, 10 Stat. 612, 28 U.S.C. A. § 250, the Court of Claims has had authority to "hear and determine all claims founded upon any law of Congress, or upon any regulation of an executive department * * * which may be suggested to it by petition filed therein * * *". The right of Federal employees among other classes of citizens to proceed in money claims against the Government in this court has long been recognized as shown by numerous decisions, among them, Moore v. United States, 4 Ct.Cl. 139; Strong v. United States, 60 Ct.Cl. 627; Danford v. United States, 62 Ct.Cl. 285. The term "regulation" was intended to cover any regulation within the lawful discretion of the head of an executive department, such as the finding of the Civil Service Commission in this case. To hold that the term "regulation" meant anything other than that would simply be disregarding the plain language of the Act.

section (b) shall be considered as having been on furlough or leave of absence during his period of active military service, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was ordered into such service, and shall not be discharged from such position without cause within one year after such restoration.'

"(e) In case any private employer fails or refuses to comply with the provisions of subsection (b) or subsection (c), the district court of the United States for the district in which such private employer maintains a place of business shall have power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, to specifically require such employer to comply with such provisions, and, as an incident thereto, to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action. The court shall order a speedy hearing in any such case and shall advance it on the calendar. Upon application to the United States district attorney or comparable official for the district in which such private employer maintains a place of business, by any person claiming to be entitled to the benefits of such provisions, such United States district attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof to specifically require such employer to comply with such provisions: *Provided*, That no fees or court costs shall be taxed against the person so applying for such benefits."

■ It was not necessary for Congress in the Selective Training and Service Act to reaffirm the basic jurisdiction of this court or to confirm rights of Government employees long recognized thereunder. These rights cannot be negatived by implication. It must be done by specific legislation clearly disclosing such intention. Consequently, the silence of the Act on this point while authorizing District Courts to assume jurisdiction in the case of private employees is not ground for the slightest implication that Congress intended in any way to curtail the right of Government employees to institute claims founded upon any law of Congress or upon any regulation of an executive department. As a matter of fact, it is our judgment that silence in this respect should be interpreted as representing the intention of Congress to leave these rights unchanged.

From what has been said above, it follows that the motion for a new trial must be overruled. It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, and JONES, Chief Justice, concur.