## POWELL v. ROYALL et al.
### Civ. No. 112–48.

United States District Court
District of Columbia.

Nov. 9, 1948.

Carl W. Berueffy, of Washington, D. C., for plaintiff.

H. G. Morrison, Acting Asst. Atty. Gen., George Morris Fay, U. S. Atty., Joseph M. Friedman, Sp. Asst. to the Atty. Gen., and E. Leo Backus, Dept. of Justice attorney, of Washington, D. C., for defendants.

PINE, District Judge.

This is an action for a declaratory judgment. The defendants are the Secretary of the Army and the members of the United States Civil Service Commission. Each of the parties has moved for summary judgment.

The undisputed facts are as follows: In 1942 plaintiff was appointed Senior Engineer in the United States Engineers. He remained in this position until May 1, 1943, when he was appointed a Lieutenant in the United States Naval Reserve, entering into active service on May 15, 1943. He served in the armed forces until January 1946, when he was honorably discharged therefrom, with the rank of Lieutenant Commander. He made formal application for reinstatement to his position with the United States Engineers. Defendants refused to restore him to his position, and he has brought this action for a declaratory judgment and other appropriate relief to compel restoration to his former position.

Plaintiff relies upon Section 3 of the Act of August 27, 1940, as amended, 50 U.S.C.A. Appendix, § 403, which reads, so far as material, as follows:

"(b) In the case of any such person [members of any reserve component of the land or naval forces] who, in order to perform such active duty * * * has left * * * a position, *other than a temporary position,* in the employ of any employer * * *

"(A) if such position was in the employ of the United States Government, its Territories or possessions * * * such person shall be restored to such position or to a position of like seniority, status and pay;

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;

    *    *    *    *    *    *

"(d) In case any private employer fails or refuses to comply with the provisions of subsection (b) * * * the district court of the United States * * * shall have power * * * to specifically require such employer to comply * * *." (Italics supplied.)

From the foregoing it will be observed that the statute provides for judicial relief in the case of non-compliance by private employers, but does not provide for such relief in the case of an employee of the United States. It therefore may be doubted whether the Federal courts have jurisdiction to enforce the reemployment rights of a returning veteran against the United States. The United States Court of Appeals for the 1st Circuit reached this conclusion in Insular Police Commission v. Lopez, 160 F.2d 673, certiorari denied 331 U.S. 855, 67 S.Ct. 1743, 91 L.Ed. 1863.

But aside from this jurisdictional question, plaintiff does not appear to be entitled to relief on the merits. His appointment was a "war service appointment." This is admitted. Such an appointment is limited to a period not to exceed "the present war and for six months thereafter." In making such appointments, civil service requirements were in effect suspended, and appointees of this character did not acquire permanent status in the classified service. Such requirements were lowered or eliminated to meet the necessities of the war. On the face of it, such an appointment would appear to be "a temporary position," and therefore excluded from the protection of the statute on which plaintiff relies.

On May 26, 1943, the Attorney General gave the President an opinion (40 Opinions of the Attorney General, No. 66) holding that a war-service appointee holds a temporary position and is not entitled to the benefits of the statute. Based on this opinion, the Civil Service Commission, the members of which are parties defendant herein, issued a memorandum which reads in part as follows: "War-service appointments.—A war-service appointment is 'temporary' within the meaning of the statutes providing restoration rights and benefits, and an employee whose original appointment was under the war-service regulations does not have a statutory right of restoration." (Federal Personnel Manual, Part R6-801 of the chapter dealing with "Restoration or Reemployment after Military Service.")

I am of the opinion that the construction of the term "temporary" to include "war-service employees" is a proper one; but in any event it is a reasonable one and should not be set aside by the courts. [1]

The motion of defendants for summary judgment will be granted. Counsel will submit appropriate judgment.

[1] Adams v. Nagle, 303 U.S. 532, 542, 58 S.Ct. 687, 82 L.Ed. 999; Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 219, 50 S.Ct. 320, 74 L.Ed. 809; Work v. United States ex rel. Rives, 267 U.S. 175, 182, 183, 45 S.Ct. 252, 69 L. Ed. 561; Thomas v. Vinson, 80 U.S.App. D.C. 346, 348, 349, 153 F.2d 636; Red Canyon Sheep Co. v. Ickes, 69 App.D.C. 27, 41, 98 F.2d 308.