**CAMPBELL v. DEVINY et al.**

No. 684–48.

United States District Court
District of Columbia, Civil Division.

Jan. 7, 1949.

Warren E. Miller, of Washington, D. C., for plaintiff.

Edward H. Hickey, Sp. Asst. to Atty. Gen., and E. Leo Backus, Atty. Department of Justice, of Washington, D. C., for defendants.

John C. Williamson, of Washington, D. C., Counsel, Veterans of Foreign Wars of U. S. amicus curiae.

LETTS, District Judge.

Plaintiff, an employee of the Government Printing Office, brings suit to require the Public Printer to place him in the supervisory position of Principal Technical Assistant in the Government Printing Office. The claim is founded upon Section 8 of the Selective Training and Service Act of 1940, 54 Stat. 885, 890, 56 Stat. 724, 58 Stat. 798, 50 U.S.C.A. Appendix, § 301 et seq., as implemented by civil service regulations (Federal Personnel Manual, R6-16).

He contends that the position held by him at the time of his entry into the military service, "Estimator-Jacket Preparer" (Grade CAF-7) had been reallocated during his absence without substantial change in duties and responsibility to Grade CAF-11,

and its title changed to that of Principal Technical Assistant and, accordingly, pursuant to the mentioned statute, he was entitled to all the benefits of the reallocation.

The employing agency, the Government Printing Office, determined that there had been no reallocation, and that the position of Principal Technical Assistant, an important supervisory post in the Government Printing Office, is in no manner comparable to the position held by plaintiff, which was a non-supervisory one. The Civil Service Commission to whom the matter was appealed, after lengthy hearings, affirmed the action of the Government Printing Office, finding that the positions were not comparable.

Section 8 of the Act provides in part:

"(b) In the case of any such person who, in order to perform such training and service, has left * * * a position, other than a temporary position, in the employ of any employer * * * .

"(A) if such position was in the employ of the United States Government, its Territories or possessions * * * such person shall be restored to such position or to a position of like seniority, status, and pay;

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;

* * * * * * * *

"(e) In case any private employer fails or refuses to comply with the provisions of subsection (b) * * * the district court of the United States * * * shall have power * * * to specifically require such employer to comply * * * ."

Civil Service Regulations (Federal Personnel Manual, R6–16), published March 1946 provide: .

Effect of reallocation during veteran's absence—"If the position held formerly by a returning veteran has been reallocated to a higher level without substantial change in duties and responsibilities, the veteran is entitled to all benefits of the reallocation."

The controversy involves the internal administration of a Federal Agency and is one which the courts for more than one hundred years have firmly and consistently refused to entertain. As a matter of public policy the courts will not assume to control the actions of executive officers in the exercise of their judgment and discretion in the complex field of personnel management. To do so would be to usurp the function and prerogative placed by law in the executive. Many intricate and technical factors enter into the process of job classification. To define the duties of positions, the scope of authority and measure of responsibility attached to positions requires the knowledge, judgment and discretion of the employing agency which created the post and is charged with superintendence. Few principles of law are more definitely established than that in which the courts express forbearance in matters involving the internal administration of the executive branch. Interference by the courts in such matters would be productive of nothing but mischief. Decatur v. Paulding, 14 Pet. 497, 39 U.S. 497, 10 L.Ed. 559; Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 575, 44 L.Ed. 774. The courts have announced adherence to this principle in many decided cases.

In Keim v. United States, supra, the court said " * * * The appointing power must determine the fitness of the applicant; whether or not he is the proper one to discharge the duties of the position. Therefore it is one of those acts over which the courts have no general supervising power. * * * " See also Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186; United States ex rel. Taylor v. Taft, 24 App.D.C. 95; Golding v. United States, 78 Ct.Cl. 682.

In the case last cited it was held that the allegations that the plaintiff was innocent of the charges preferred against him, that his removal was the result of a concerted action by certain individuals who had entered into a conspiracy to cause his removal, that his removal was based on perjurious statements obtained through

duress and undue influence, and that the investigation which resulted in his removal was biased, prejudiced, and unfair immaterial.

In passing to the consideration of other matters a brief allusion may be made to the actual merits of plaintiff's claim. A review of the administrative action reveals that extraordinary measures were pursued to insure the protection and security of plaintiff's rights. To state that the claim was given most exhaustive treatment is hardly descriptive of the steps taken to guarantee a full, fair and sympathetic consideration of every aspect of his case.

 The only acts to which the power of the court, by mandamus extends, are such as are purely ministerial, and with regard to which no degree of judgment or discretion in the performance of his duties is left to the officer. Whenever the right of judgment or discretion rests in him, it is he and not the courts who can regulate its exercise. United States ex rel. Goodrich v. Guthrie, 17 How. 284, 58 U.S. 284, 15 L.Ed. 102.

 This is in effect a suit against the United States to which it has not consented. Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 694, 66 S.Ct. 219, 90 L.Ed. 140. Plaintiff's suit to enforce his alleged reemployment rights against the United States is based on the Selective Training and Service Act of 1940 which provides that a person entering military service while holding a position with the United States Government shall be restored to such position, or to a position of like seniority, status and pay, upon return from the service. It must be noted that the act upon which plaintiff relies and under which his reemployment rights against the United States were created, makes no provision for judicial relief in cases where the Federal Government is the employer. The only provision in the act made for judicial enforcement of a

veteran's reemployment rights is contained in Section 8(e), supra, which relates exclusively to positions in the employ of any private employer. The precise question was raised in Insular Police Commission v. Lopez, 1 Cir., 160 F.2d 673, a suit brought under the same statutory provision as that under which the present suit was brought. The United States Circuit Court of Appeals, First Circuit, in holding that the Federal District Courts were without jurisdiction in such cases stated that when the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. See United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011. In such circumstances the Government may limit the individual to administrative remedies. See Tutun v. United States, 270 U.S. 568, 46 S.Ct. 425, 70 L. Ed. 738. It will be noted that nothing is found in the legislative history of the Selective Training and Service Act to indicate that the Congress intended to give the courts any right of judicial enforcement of the rights conferred on individuals as against the Government of the United States. The failure to grant judicial enforcement of such rights was not an oversight by Congress. It is clear that Congress intended to limit the rights of returning veterans to reemployment in the Federal service to administrative action.

The Veterans' Preference Act of 1944, 5 U.S.C.A. § 851 et seq., and the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., cited by plaintiff in support of his claim have no application to the issue here presented.

The jurisdictional amount of $3000 is lacking.

Defendants' motion for summary judgment is sustained and the case will be dismissed for the reason that this court has no jurisdiction to hear and determine same.