## McEACHERN v. UNITED STATES.
### Civ. A. No. 942.

United States District Court,

W. D. South Carolina, Greenville Division.
July 7, 1949.

Clement L. McEachern, Greenville, S. C., for plaintiff.

Walter H. Hood, Asst. U. S. Atty., Greenville, S. C., Oscar H. Doyle, U. S. Atty., Anderson, S. C., for defendant.

WYCHE, Chief Judge.

This case is now before me upon the Government's motion to dismiss the action on the ground that the Court lacks jurisdiction because it is an action to which the United States has not consented.

Briefly stated, the action is one to recover for loss of salary and damages in the sum of ten thousand dollars, which the plaintiff states is the difference between the salary the plaintiff was paid and that which he should have been paid after he as a veteran of World War II was restored to his position as an attorney in the Alien Enemy Unit of the Department of Justice following his discharge from service.

While the complaint states that the action is based upon the Selective Training and Service Act of 1940, as amended, Title 50 U.S.C.A.Appendix, § 308, and the Administrative Procedure Act, Title 5, U. S.C.A. § 1009, it is additionally contended by the plaintiff that the Tucker Act, Title 28, U.S.C.A. § 41(20), confers jurisdiction on this Court.

## I.

The Selective Training and Service Act of 1940 does not confer jurisdiction on this Court in this Case. In Insular Police Commission v. Lopez, 1 Cir., 1947, 160 F.2d 673, 675, certiorari denied 331 U.S. 855, 67 S.Ct. 1743, 91 L.Ed. 1863, the Court of Appeals in remanding the case to the District Court, with direction to dismiss the petition for lack of jurisdiction, stated: "The only question presented to us by appellant is whether the court below had jurisdiction of a suit to enforce a veteran's reemployment rights as against an agency of the Government of Puerto Rico, a territory of the United States, in the absence of a provision in the Selective Training and Service Act authorizing such a suit. Under the Organic Act, 48 U.S.C.A. § 863, the United States District Court for Puerto Rico has 'jurisdiction of all cases cognizable in the District Courts of the United States', plus certain additional jurisdiction not now relevant. As appears from the text of the Selective Training and Service Act, the pertinent portions of which are quoted above in the footnote, the only provision there made for judicial enforcement of a veteran's reemployment rights is contained in § 8(e) relating exclusively to positions in the employ of any private employer. * * * So far as we can find, the legislative history of the Selective Training and Service Act is barren of any intimation that the Congress contemplated any judicial enforcement of the rights conferred as against the Government of the United States or of its territories or possessions."

In Campbell v. Deviny, D. C. Cir., 1949, 81 F.Supp. 657, 660, the court in dismissing the case upon the ground that it had no jurisdiction to hear and determine it, stated: "This is in effect a suit against the United States to which it has not consented. Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 694, 66 S.Ct. 219, 90 L.Ed. 140. Plaintiff's suit to enforce his alleged reemployment rights against the United States is based on the Selective Training and Service Act of 1940 which provides that a person entering military service while holding a position with the United States Government shall be restored to such position, or to a position of like seniority, status and pay, upon return from the service. It must be noted that the act upon which plaintiff relies and under which the reemployment rights against the United States were created, makes no provision for judicial relief in cases where the Federal Government is the employer. The only provision in the act made for judicial enforcement of a veteran's reemployment rights is contained in Section 8(e), supra, which relates exclusively to positions in the employ of any private employer. * * * "It will be

noted that nothing· is found in the legislative history .of the Selective Training and Service Act to indicate that the Congress intended to give the courts any right of judicial enforcement of the rights conferred .on individuals· as against the Government of the United States. The failure to grant judicial enforcement of such rights was not an oversight ˋby Congress. It is clear that Congress intended to limit the rights of returning veterans to reemployment in the Federal service to administrative action."

## II.

The Tucker Act, Old Title 28 U.S.C.A. § 41(20); New Title 28 U.S.C.A. § 1346(a) (2), (d), does not confer jurisdiction upon this Court to entertain this action. On the contrary, it withholds such jurisdiction from the District Court. That Act provides in part: "Nothing in this paragraph shall be construed as giving to either the district courts or the Court of Claims jurisdiction to hear and determine claims growing out of the Civil War, and commonly konwn as 'war claims,' or to hear and determine other claims which had been rejected or reported on adversely prior to the 3d day of March,· 1887,·. by any court, department, or commission authorized to hear and determine the same, or to hear and determine claims for pensions; *or as giving to the district courts jurisdiction of cases brought to recover fees, salary, or compensation for official services of officers of the United States or brought for such purpose by persons claiming as such officers or as assignees or legal representatives thereof."* (Italics added), etc. See Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561. See also Baskins v. United States, D.· C. E. Dist. of S.C., 32 F.Supp. 518, 520, Judge Lumpkin. In the last-cited case Judge Lumpkin sustained the government's motion to dismiss a complaint by a penal and correction guard, appointed by the Attorney General, to recover back salary and restoration of rank and status upon the ground that the· Tucker Act prohibited the District Court from taking jurisdiction of such an action. Judge Lumpkin there held: "This court is, therefore, of the opinion that the plaintiff, J. C. Baskins, was an officer of the United States within the meaning of the applicable portions of the Tucker Act, Title 28 U.S.C. A. § 41, Subdivision 20, and that, therefore, this court is without jurisdiction to entertain this cause."

Kephart v. United States, 1948, 109 Ct. Cl. 646, 75 F.Supp. 1020, 1023, relied upon by plaintiff, is authority only for the position that the *Court of Claims* has jurisdiction of an action by a veteran against the government to recover the difference in salary which improper Civil Service Classification caused him to lose. "It was not necessary for Congress in the ˋSelective Training and Service Act to reaffirm the ˋbasic jurisdiction *of this court* (italics supplied) or to confirm rights of government employees long recognized thereunder."

## III.

The Administrative Procedure Act, 5 U. S.C.A. § 1009, does not confer jurisdiction on this court to entertain this action. That section giving to persons the right to judicial review of agency action contains as a preamble to all that follows in such section this restrictive language: "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion." In Campbell v. Deviny, supra, the court in sustaining the defendant's motion for summary judgment and dismissing the case for the reason that the court had no jurisdiction to hear and determine it, stated: "The Veterans' Preference Act of 1944, 5 U.S.C.A. § 851 et seq., *and the Administrative Procedure Act, 5 U. S.C.A. § 1001 et seq., cited by plaintiff in support of his claim have no application to the issue here presented."* (Italics added.)

In Olin. Industries v. National Labor Relations Board, D.C.Mass.1947, 72 F. Supp. 225, 228, action was brought to enjoin the National Labor Relations Board and certain individuals as officers thereof and individually from conducting hearings until rules of procedure were published in the Federal Register, in accordance with Section 3(a) of the Administrative Act of 1946, 5 U.S.C.A. § 1002. A motion was filed to dismiss the complaint upon the ground, among others, that the court had no jurisdiction over the subject mat-

ter. The court held: "Both the terms of this section, Sec. 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, and its legislative history, make it clear that section 10 is merely declaratory of the existing law of judicial review and that it neither confers jurisdiction on this court above and beyond that which it already has, nor grants to aggrieved parties any rights they did not have under the National Labor Relations Act [29 U.S.C.A. § 151 et seq.]." The complaint was ordered dismissed.

"When the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011. It may limit the individual to administrative remedies. Tutun v. United States, 270 U.S. 568, 576, 46 S.Ct. 425, 70 L.Ed. 738." Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 845, 78 L.Ed. 1434.

I therefore conclude that the defendant's motion to dismiss should be granted. An order of dismissal may be presented.